IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM WAYNE WALKER, <br> TDCJ #1897234, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § | CIVIL ACTION NO. H-17-3413 |

## **MEMORANDUM AND ORDER**

Adam Wayne Walker is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Walker seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petitioner names several correctional officers and officials as the respondents. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), Director Lorie Davis is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.     BACKGROUND**

Walker is currently serving a ten-year prison sentence that he received from the 36th District Court of Patricio County on November 20, 2013.[2] Walker does not challenge any of his underlying convictions here. Instead, he seeks relief from a prison disciplinary conviction that was entered against him at the Luther Unit, where he is currently incarcerated.[3] On August 30, 2016, Walker was convicted in Disciplinary Case #20160388383 of causing a disruption of operations.[4] As a result of this disciplinary conviction, Walker temporarily lost certain privileges and he was reduced in custodial classification status.[5] Walker filed grievances to challenge the conviction, but his appeal was unsuccessful.[6]

Walker now seeks a federal habeas writ of habeas corpus, arguing that he is entitled to relief from his disciplinary conviction because the charges against him were "false" and he was denied due process during that proceeding. For reasons set forth below, the Court finds that Walker is not entitled to relief under the legal standard that governs disciplinary proceedings in the state prison context.

---

[2] Petition [Doc. # 1], at 2; *see also* Texas Department of Criminal Justice, Offender Information, at https://offender.tdcj.texas.gov/Offender Search (last visited Nov. 27, 2017).

[3] Petition [Doc. # 1], at 1, 5.

[4] *Id.* at 5.

[5] *Id.*

[6] *Id.* at 5-6.

2

## II. PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Walker cannot demonstrate a constitutional violation in this instance because he did not lose any previously earned good-time credit.[7] This is fatal to Walker's claims. *See Malchi*, 211 F.3d at 957-58.

---

[7] Petition [Doc. # 1], at 5.

Although the disciplinary conviction at issue resulted in the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Under these circumstances, Walker cannot demonstrate a violation of the Due Process Clause and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). After careful review of the pleadings and the applicable

law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. Adam Wayne Walker's habeas corpus petition [Doc. #1] is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 27, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE